# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 25, 2012

## STATE OF TENNESSEE v. ODELL TAYLOR WISDOM

**Appeal from the Criminal Court for Sullivan County**
**No. S59091    Robert H. Montgomery, Jr., Judge**

---

**No.  E2011-02263-CCA-R3-CD - Filed August 20, 2012**

---

Appellant, Odell Wisdom, pled guilty in Sullivan County to the charge of felony failure to appear in exchange for a five-year sentence as a Range III, persistent offender.  The trial court held a sentencing hearing specifically for the purpose of addressing Appellant's request for probation or alternative sentencing.  The trial court denied Appellant's request and ordered Appellant to serve the sentence in confinement.  Appellant appeals, arguing that the trial court erred in denying an alternative sentence.  However, after a thorough review of the record, we conclude that the trial court properly denied probation or alternative sentencing.  Therefore, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

William A. Kennedy, Assistant Public Defender, Blountville, Tennessee, for the appellant, O'Dell Taylor Wisdom.

Robert E. Cooper, Jr., Attorney General and Reporter, Lacy Wilber, Assistant Attorney General; Greeley Wells, District Attorney General, and Joseph E. Perrin, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### Factual Background

On March 8, 2011, Appellant was indicted by the Sullivan County Grand Jury for one count of felony failure to appear. On July 28, 2011, Appellant pled guilty to the offense as

charged. Pursuant to the plea agreement, Appellant was sentenced to five years as a Range III, persistent offender for one count of felony failure to appear, to run consecutively to his previous eight-year sentence. Appellant was also fined five hundred dollars.

On October 13, 2011, the trial court conducted a sentencing hearing for the purpose of determining the manner in which Appellant would serve his sentence. Appellant did not present any evidence at the hearing and chose to rely on the presentence report submitted into evidence by the State. In the presentence report, Appellant stated that he did not turn himself in to police because he was caring for his mother who had cancer.[1] The trial court denied any form of alternative sentencing. The trial court noted that Appellant had a previous history of criminal convictions, was a Range III, persistent offender, and had previously failed to comply with the conditions of a sentence involving release into the community. In other words, the trial court determined that past efforts at rehabilitation were not successful. The trial court noted that Appellant had been "taking advantage" of the opportunity to delay his previous sentence by not reporting to jail when he was out on bond. Therefore, the trial court determined that Appellant's behavior warranted a sentence of incarceration and ordered Appellant to serve his entire sentence.

Appellant appeals the trial court's denial of alternative sentencing.

*Analysis*

On appeal, Appellant submits that none of the above reasons provide a sufficient ground to deny him alternative sentencing. Specifically, Appellant contends that he is a proper candidate for alternative sentencing despite his prior criminal history because his crime neither caused nor threatened serious bodily harm. Additionally, Appellant argues that he has a high probability of rehabilitation and a grant of probation or alternative sentencing would not diminish the seriousness of the offense. The State argues that Appellant failed to carry his burden of showing that he was a suitable candidate for alternative sentencing.

"When reviewing sentencing issues . . . the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. §40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court

---

[1] In the presentence report, Appellant claimed that he was the one person taking care of his mother and that he would live with his mother upon his release. However, Appellant contradicted himself in a later statement in the presentence report because he admitted that his sister helped take care of his mother and resided at her residence.

considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses; (7) and any statements made by the accused in his own behalf. T.C.A. § 40-35-210(b); *State v. Imfeld,* 70 S.W.3d 698, 704 (Tenn. 2002); *see also State v. Carter,* 254 S.W.3d 335, 343 (Tenn. 2008). We are to also recognize that the appealing party bears "the burden of demonstrating that the sentence is improper." T.C.A. § 40-35-401(d), Sentencing Comm'n Cmts; *Ashby*, 823 S.W.2d at 169.

As a result of the 2005 sentencing amendments, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. *Carter*, 254 S.W.3d at 347 (citing T.C.A. § 40-35-102(6)). While a presumption no longer exists, an especially mitigated or standard offender convicted of a Class C, D, or E felony is still considered a "favorable candidate" for alternative sentencing in the absence of evidence to the contrary. *Id*. A defendant is eligible for an alternative sentence if his sentence is ten years or less. T.C.A. § 40-35-303.

In determining a defendant's suitability for a non-incarcerative sentencing alternative, the trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

T.C.A. §40-35-103(1)(A)-(C)

The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. T.C.A. § 40-35-103(5). In choosing among possible sentencing alternatives, the trial court should also consider Tennessee Code

Annotated section 40-35-103(5), which states, in pertinent part, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5); *State v. Dowdy*, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). A defendant is eligible for probation "if the sentence actually imposed . . . is (10) years or less. . .."

Appellant herein pled guilty to felony failure to appear, a Class E felony. Appellant was sentenced to less than ten years as a Range III, persistent offender.[2] Therefore, Appellant was eligible for alternative sentencing including probation. *See* T.C.A. §§40-35-102(6) &- 303(a).

After reviewing the record, we determine that the trial court properly denied alternative sentencing. At the conclusion of the sentencing hearing, the trial court stated that it considered the presentence report, the prior criminal history and social history, and determined that Appellant would not receive alternative sentencing or probation. The trial court noted that the presentence report listed that Appellant was directed to report to the Sullivan County Jail on February 19, 2011, to begin serving a sentence for three felony convictions of the sale of cocaine within 1,000 feet of a school zone. The trial court stated that Appellant did not report. Furthermore, the trial court noted that Appellant had twenty-eight prior criminal convictions.

With regard to Appellant's prior record, the presentencing report shows a lengthy criminal history. Appellant's criminal history begins with a conviction in 1989, when he was thirty years old. Appellant clearly has a history of various kinds of offenses as evidenced by his one conviction for public intoxication; two convictions for resisting a stop, frisk, halt, or arrest; one conviction for a DUI; one conviction for failing to register and obtain a title; two convictions for driving without a license; and two convictions for simple assault. In addition, Appellant has eleven prior misdemeanor charges on record.

We acknowledge that Appellant did not threaten serious bodily injury to others while he was out on bond. However, he does have a lengthy criminal history that demonstrates a disrespect for individuals in the community, as well as a disrespect for the laws of the State of Tennessee. Appellant was released into the community on bond and could not comply with the requirements of his sentence. We agree with the trial court's assessment that it is inappropriate to grant Appellant probation or alternative sentencing based on his significant criminal history and failure to comply with the conditions of his bond. Therefore, we

---

[2] To qualify as a Range III, persistent offender, a defendant must have "any combination of five (5) or more prior felony convictions within the conviction class or higher, or within the next two (2) lower felony classes." T.C.A. § 40-35-107(a)(1).

conclude that the trial court's denial of alternative sentencing or probation is supported by the record.

*Conclusion*

For the foregoing reasons, we affirm the judgments of the trial court.

_____
JERRY L. SMITH, JUDGE